UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICKEY J. BERCEGEAY AND<br>KARI BERCEGEAY | CIVIL ACTION |
| VERSUS | 18-524-SDD-EWD |
| WRIGHT NATIONAL FLOOD<br>INSURANCY COMPANY | |

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, Wright National Flood Insurance Company ("Defendant"). Plaintiffs, Mickey and Kari Bercegeay ("Plaintiffs") filed an *Opposition*[2] to this motion, but only as to their claim for attorney's fees and expenses. Because the Fifth Circuit has foreclosed Plaintiff's claim for attorney's fees and expenses under federal law, Defendant's *Motion* shall be granted.

This suit arises out of alleged property damage sustained by Plaintiffs following the Louisiana "Great Flood" of August 2016. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") governed by the National Flood Insurance Act ("NFIA").[3] Plaintiffs filed suit against Defendant claiming that Defendant breached the Standard Flood Insurance Policy ("SFIP") issued by Defendant to Plaintiffs for their property located in Gonzales, Louisiana by failing to pay the amounts

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 10.
[3] 42 U.S.C. § 4001, *et seq.*
49685

Plaintiffs claim are due under the Policy.[4] In addition to the damages sought for the alleged breach of contract, Plaintiffs also asserted claims for detrimental reliance, unjust enrichment, expenses, damages/penalties, attorney's fees, costs and interest pursuant to state law.[5]

Subsequent to the filing of Defendant's *Motion to Dismiss*, Plaintiffs filed a *Voluntary Partial Motion to Dismiss*, wherein Plaintiffs voluntarily dismissed their state law causes of action for detrimental reliance and unjust enrichment.[6] However, Plaintiffs maintain in that motion and in their *Opposition* to Defendant's *Motion to Dismiss* that they are entitled to attorney's fees under the Equal Access to Justice Act ("EAJA")[7] for the breach of contract claim brought pursuant to the NFIP.

Plaintiffs rely heavily on *Dwyer v. Fidelity National Property and Casualty Insurance Co.*, wherein the district court for the Eastern District of Louisiana held that suits against WYO flood insurance providers brought under 42 U.S.C. § 4072 are suits against an instrumentality of the executive branch of the Federal Government for purposes of the EAJA,[8] and awarded the plaintiffs attorney's fees and other expenses pursuant to the EAJA.[9] However, Plaintiffs have overlooked the fact that the Fifth Circuit expressly overruled this holding in *Dwyer*, finding as follows:

> Fidelity is neither the United States nor an official of the United States. The district court applied the definition of "federal agency" found in the National

---

[4] Rec. Doc. No. 1, ¶¶ 1-4, 7, 24.
[5] *Id.* at ¶¶ 25-30.
[6] Rec. Doc. No. 9.
[7] 28 U.S.C. § 2412 ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").
[8] No. 06-4793, 2007 WL 9723644 (E.D. La. May 24, 2007).
[9] No. 06-4793, 2007 WL 1063266 (E.D. La. Apr. 3, 2007).
49685

Flood Insurance Act. This would be a plausible source were it not for the portion of Title 28 defining terms as they are used in that title itself:

> As used in this title:
>
> ...
>
> The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.
> 28 U.S.C. § 451.

Fidelity, a private insurer, cannot be characterized as a department, commission, administration, authority, board, or bureau of the United States. For the Dwyers to recover EAJA fees, Fidelity must qualify as an "independent establishment" or a "corporation in which the United States has a proprietary interest." An "independent establishment," however, is "an independent entity within the executive branch." *Scott v. Fed. Reserve Bank of Kansas City*, 406 F.3d 532, 535 (8th Cir.2005) (emphasis added). Fidelity is not so situated, nor is Fidelity "a corporation in which the United States has a proprietary interest." *See id.*

Finally, although Fidelity acts as a fiscal agent of the United States, "it is possible to be a fiscal agent ... of the government without being a federal agency." *Id.* (citing *In Re Hoag Ranches*, 846 F.2d 1225, 1227 (9th Cir.1988)). The SFIP regulations expressly state:

> A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g).[10]

The Fifth Circuit further held that "serving as a fiscal agent and a participant in a heavily regulated federal program did not transform Fidelity into a federal agency under the EAJA.[11] The court agreed that the EAJA would apply to a suit against FEMA, and

---

[10] *Dwyer v. Fidelity National Property and Casualty Insurance Co.*, 565 F.3d 284, 289 (5th Cir. 2009).
[11] *Id.*

49685

found that "the district court might be correct in concluding that allowing suit against private insurers is a mere formality imposed by regulation, but regardless, the EAJA must be applied according to its terms. This court does not second-guess Congress's policy decisions."[12]

Accordingly, Defendant's *Motion to Dismiss*[13] Plaintiffs' claim for attorney's fees and expenses is GRANTED. Plaintiffs are not entitled to attorney's fees and expenses under the EAJA. Plaintiffs' NFIP breach of contract claim remains before the Court.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 29, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[12] *Id.* at 290 (citing *Harbison v. Bell*, 556 U.S. 180, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009) (Thomas, J., concurring).
[13] Rec. Doc. No. 6.

49685